IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DISTRICT

| | |
|---|---|
| LILLIE KIDDD-HICKS ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BELLEMERE PROPERTIES, LLC, ) <br> d/b/a FRONTIER BINGO, ) <br> ) <br> Defendant. ) | 7:18-cv-00753-LSC |

## MEMORANDUM OF OPINION

Plaintiff Lillie Kidd-Hicks ("Kidd-Hicks") originally filed this claim in the Circuit Court of Greene County, Alabama. Kidd-Hicks seeks compensatory and punitive damages for personal injuries resulting from a slip and fall on the property of Defendant Bellemere Properties, LLC ("Bellemere"). Bellemere removed the case to this Court on May 17, 2018, asserting diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. 1.) In response, Kidd-Hicks filed a motion to remand on May 25, 2018, claiming that the amount in controversy requirement has not been met in this case. (Doc. 4.) Bellemere has timely filed their response. (Doc. 6.) Subsequently, Kidd-Hicks filed a motion for leave to file amended complaint.

(Doc. 8.) For the reasons below, Kidd-Hicks's motion to remand (doc. 4) is due to be granted, and this matter remanded.

## I. BACKGROUND[1]

On December 1, 2017, Kidd-Hicks went to the Frontier Bingo Casino, which is owned and operated by Bellemere. During her visit, Kidd-Hicks slipped and fell in a puddle of unknown liquid in the restroom. The complaint and removal petition claim that Kidd Hicks suffered damages and "severe personal injuries" as a result of the fall. (Doc. 1.) Kidd-Hicks filed this action in state court on April 20, 2018 against Bellemere and fictitious defendants A, B, and C (collectively "Defendants"). Kidd-Hicks claims Defendants are liable for negligently and/or wantonly causing or allowing a dangerous condition to exist and failing to warn of this dangerous condition.

## II. STANDARD OF REVIEW

This Court, like all federal courts, is a court of "limited jurisdiction." *Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1134 (11th Cir. 2013). It is authorized to hear only those cases falling within "one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction

---

[1] The following facts are taken from Plaintiff's complaint, and the Court makes no ruling on their veracity.

pursuant to 28 U.S.C. § 1332(a)." *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016). A defendant may remove an action initially filed in state court to federal court if the action is one over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). "[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting 28 U.S.C. § 1446(a)).

Bellemere's notice of removal asserts that this Court has diversity jurisdiction over this action. (Doc. 1.) Diversity jurisdiction exists if there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Where a defendant's notice of removal makes a good-faith claim for a specific amount in controversy, his "allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 135 S. Ct. at 553.

However, when a defendant's amount in controversy allegation is "contested by the plaintiff or questioned by the court," *id.*, then "both [plaintiff and defendant] submit proof and the court decides, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied." *Id.* at 554. The Court must find that it is "more likely than not" that the plaintiff could

recover more than $75,000 from the defendants in order for diversity jurisdiction to exist. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). The removing party bears the burden of proof to establish that the amount in controversy exceeds the jurisdictional minimum. *Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 913 (11th Cir. 2014). Any doubt about the existence of federal jurisdiction "should be resolved in favor of remand to state court." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)).

## III. DISCUSSION

Bellemere has asserted that the amount in controversy requirement has been met because Kidd-Hicks's complaint alleges that she suffered "severe" injuries and requests punitive damages. (Doc. 1.) However, Kidd-Hicks in her motion to remand agues the Court lacks jurisdiction because the amount in controversy does not exceed $75,000. Thus, under *Dart Cherokee*, this Court must look past the parties' allegations to the evidence submitted by both sides of the amount in controversy. 135 S. Ct. at 554. In doing so the Court "must make findings of jurisdictional fact to which the preponderance standard applies." *Id.* (quoting H.R.Rep. No. 112–10, p. 16 (2011)). If "the jurisdictional amount is not facially apparent from the complaint," this Court "look[s] to the notice of removal and

may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001). "Where the pleadings are inadequate, [this Court] may review the record to find evidence that diversity jurisdiction exists." *Id.* at 1320. "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount." *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, (1943) (emphasis added); *see also Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir.1987).

Kidd-Hicks's allegations in the complaint are devoid of "specific facts on the amount in controversy." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). Kidd-Hicks's complaint avers that she suffered severe injuries, but does not disclose the nature and extent of those injuries. Therefore, Bellemere cannot meet the preponderance standard by simply pointing to the language in Kidd-Hicks's complaint because "severe" injuries to one person could easily be only minor injuries to all others.

Additionally, Bellemere argues that Kidd-Hicks's claim is within this Court's jurisdiction because Kidd-Hicks did not disclaim any entitlement to more than $75,000.00 in her motion to remand. (Doc. 6 at 4-5.) Kidd-Hicks's failure to deny that her claim will meet the jurisdictional amount in her motion to remand

does not support removal. *See Williams*, 296 F.3d at 1316. Moreover, a conclusory statement by Kidd-Hicks that her claims exceeded $75,000 would also not be enough to establish jurisdiction because parties cannot manufacture federal jurisdiction by consent or agreement. *See Mansfield, C. & L.M. Ry. Co. v. Swan,* 111 U.S. 379 (1884); *Fitzgerald v. Seaboard System R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("it is axiomatic that federal jurisdiction can *never* be created by the parties.").

Bellemere's only evidence that the amount in controversy requirement is met are citations to *Foremost Ins. Co. v Parham*, 693 So.2d 409 (Ala. 1997) (fraud involving insurance coverage), *Liberty Nat'l life Ins. Co. v. McAllister*, 675 So. 2d 1292 (Ala. 1995) (fraud involving insurance coverage), and *Davis v. Carl Cannon Chevrolet-Olds, Inc.*, 182 F.3d 792 (11th Cir. 1999) (fraud). (Doc. 1.) Bellemere argues that these cases suggest that the amount in controversy requirement is met because punitive damage awards against out of state corporations often exceed $75,000. However, a comparison of past punitive damage awards rendered against out of state defendants alone is insufficient to establish an amount in controversy, especially when the cases cited are factually distinct. "Mere citation to what has happened in the past" does not establish that a plaintiff's claim meets the amount

in controversy requirement. *See Federated Mutual Ins Co. v McKinnon Motors, LLC*, 329 F.3d 805 (11th Cir. 2003).

While the Court may make "reasonable inferences and deductions" in order to determine if the judicial amount has been met, no real evidence on which a deduction can be made has been provided. *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F. 3d 1312, 1315. Bellemere's allegation that the amount in controversy requirement is met because Kidd-Hicks alleges she suffered severe personal injuries and requests punitive damages without more is simply too vague to allow for a conclusion that the amount in controversy has been met. *See Roe*, 613 F.3d at 1064.

## IV. CONCLUSION

For the reasons stated above, Kidd-Hicks's motion for remand (doc. 6) is GRANTED, and this case is due to be remanded to the Circuit Court of Greene County, Alabama. Additionally, Kidd-Hicks's motion for leave to file amend complaint (doc. 8) is due to be resolved by the state court as this Court has no subject matter jurisdiction over this case.

A separate Order consistent with this opinion will be entered.

**DONE** and **ORDERED** on October 4, 2018.

/s/ L. Scott Coogler
L. Scott Coogler
United States District Judge

195126